UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DOUGLAS ROBINSON, <u>et al.</u>,    )
                                   )
    Plaintiffs,              )
                                   )
v.                                 )    CIVIL NO.  2:09cv156
                                   )
HAWK, INC. and RICHARD PLANK,      )
                                   )
    Defendants.              )

<u>OPINION AND ORDER</u>

This matter is before the court on a motion for summary judgment filed by defendant

Richard Plank ("Plank") on April 1, 2010.  The plaintiffs[1] filed their response on April 15, 2010,

to which Plank replied on April 29, 2010.

For the following reasons, the motion for summary judgment will be granted.

<u>Summary Judgment Standard</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.

R. Civ. P. 56(c).  However, Rule 56(c) is not a requirement that the moving party negate his

---

[1]  The plaintiffs in this action are: Douglas Robinson, Board of Trustees Chairman and
David Tharp, Board of Trustees Secretary, on behalf of Northwest Indiana Regional Council of
Carpenters Pension Trust Fund and on behalf of Northwest Indiana Regional Council of
Carpenters Defined Contribution Plan; William Nix, Board of Trustees Co-Chairman, and David
Tharp, Board of Trustees Co-Chairman, on behalf of Indiana Carpenters Welfare Fund; David
Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of
Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program; Douglas J.
McCarron, Board of Trustees Chairman on behalf of United Brotherhood of Carpenters
Apprenticeship Training Fund of North America; and Indiana/Kentucky Regional Council of
Carpenters.

opponent's claim.  <u>Fitzpatrick v. Catholic Bishop of Chicago</u>, 916 F.2d 1254, 1256 (7th Cir.

1990).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery,

against a party "who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and in which that party will bear the burden of proof at trial."

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The standard for granting summary

judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to

grant a directed verdict where there can be but one reasonable conclusion.  <u>Anderson v. Liberty</u>

<u>Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  A scintilla of evidence in support of the non-moving

party's position is not sufficient to successfully oppose summary judgment; "there must be

evidence on which the jury could reasonably find for the plaintiff."  <u>Id</u>.  <u>In Re Matter of</u>

<u>Wildman</u>, 859 F.2d 553, 557 (7th Cir. 1988); <u>Klein v. Ryan</u>, 847 F.2d 368, 374 (7th Cir. 1988);

<u>Valentine v. Joliet Township High School District No. 204</u>, 802 F.2d 981, 986 (7th Cir. 1986).

No genuine issue for trial exists "where the record as a whole could not lead a rational trier of

fact to find for the nonmoving party."  <u>Juarez v. Ameritech Mobile Communications, Inc.</u>, 957

F.2d 317, 322 (7th Cir. 1992)(quoting <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio</u>

<u>Corp.</u>, 475 U.S. 574, 586 (1986)).

 Initially, Rule 56 requires the moving party to inform the court of the basis for the

motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories,

and admission on file, together with the affidavits, if any, which demonstrate the absence of a

genuine issue of material fact, <u>Celotex</u>, 477 U.S. at 323.  The non-moving party may oppose the

motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings

alone is not sufficient to withstand summary judgment.  <u>Goka v. Bobbitt</u>, 862 F.2d 646, 649 (7th

Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist.  In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated.  See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994).  In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511.  Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion.  L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  Anderson, 477 U.S. at 248.  Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute.  Id.  The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e).  To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities

Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

Discussion

On January 4, 2010, the plaintiffs filed their First Amended Complaint.[2] Counts III and IV alleges that Defendant "Richard Plank has failed to observe corporate formalities, has manifested an actual or presumed intent to evade his obligations under ERISA, has acted in bad faith and/or engaged in presumptive or actual fraud or is an alter ego, successor, disguised continuance or single employer with respect to Defendant Hawk Inc. and its obligations to Plaintiffs Trust Funds." Count V alleges that "All delinquent payroll deductions owed pursuant to the parties' collective bargaining agreement are assets of the entities to whom they belong," and that Plank, the President of Hawk, Inc., retained the payroll deductions and/or paid the monies to the others rather than pay these contractually withheld payroll deductions to the entities which are entitled to payment. It is further alleged that by exercising control over the

---

[2] Counts I and II of the First Amended Complaint were directed to Defendant Hawk, Inc. All further action against this Defendant has been stayed due to the filing of an involuntary Chapter 7 bankruptcy against the corporation in the United States Bankruptcy Court for the Northern District of Indiana, Case No. 10-20822.

contractual payroll deductions, Plank has become a fiduciary with respect to these assets and is thereby personally liable for not paying the deductions to the parties' contract.

Plank has filed a motion for summary judgment as to Counts III, IV and V. Plank contends that, to date, the plaintiffs have not disclosed any witnesses or exhibits which support their contention that he should be held personally liable for these debts.

In general, individual shareholders of a corporation are not personally liable for the obligations of the corporation. Escobedo v. BHM Health Assocs., Inc., 818 N.E.2d 930, 932 (Ind. 2004). "One of the fundamental principles of American corporate law is that corporate shareholders sustain liability for corporate acts only to the extent of their investment and are not held personally liable for acts attributable to the corporation." Aronson v. Price, 644 N.E.2d 864, 867 (Ind. 1994).

However, shareholder liability can arise in certain circumstances. The burden is on the plaintiff to "prove that the corporate form was so ignored, controlled, or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute fraud or promote injustice. Id. In deciding whether a plaintiff can meet this burden, the trial court will consider evidence of:

1)   undercapitalization;
2)   absence of corporate records;
3)   fraudulent representation by corporation shareholders or directors;
4)   use of the corporation to promote fraud, injustice, or illegal activities;
5)   payment by the corporation of individual obligations;
6)   commingling of assets and affairs;
7)   failure to observe required corporate formalities; or
8)   other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

Meyers v. Meyers, 846 N.E.2d 280, 289 (Ind. Ct. App. 2006). A simple allegation that the sole shareholders are the only members of the board of directors and the only officers is insufficient.

Plank contends that there is no evidence to support the plaintiffs' allegations that he should be held personally liable for Hawk, Inc.'s debts. Plank asserts that the three witnesses which have been disclosed are expected to testify regarding the amount of money owed to the plaintiffs. Witness 1, Arlene David, is expected to testify regarding "the calculation of the amounts Plaintiffs Trust Funds are owed by the Defendants." Witness 2, Aaron Carlberg, is expected to testify regarding "the contractual relations between the parties including the Defendants' obligations under the ... collective bargaining agreement." Witness 3, Marsha Baker, is expected to testify regarding the "calculation of amount Plaintiff Union is owed by the Defendants."

Plank points out that none of the witnesses disclosed are expected to testify regarding whether Hawk, Inc. failed to observe corporate formalities, whether Plank manifested an actual or presumed intent to evade obligations under ERISA or LMRA, whether Plank acted in bad faith and/or engaged in presumptive or actual fraud or is an alter ego, successor, disguised continuance or single employer with respect to Hawk, Inc., whether Plank personally retained the payroll deductions and/or paid the money at issue, or whether Plank exercised control over the contractual payroll deductions. Plank also points out that none of  the identified documents relate to these issues.

In response, the plaintiffs assert that in identifying their witnesses, they identified Arlene David, their Payroll Compliance Auditor, and stated she will testify as to "the calculation of the amounts Plaintiffs Trust Funds are owed by the Defendants as set forth in Plaintiffs Complaint and itemized in detail in the payroll audit prepared by this auditor after review of Defendants'

own employment records, and substantially based thereon." The plaintiffs also identified Aaron Carlberg, a Business Agent of the Indiana Regional Council of Carpenters and stated he would provide testimony on the contractual relations between the parties including the Defendants' obligations under the Plaintiff Union's collective bargaining agreement and the Plaintiffs' Trust Funds' Trust Agreements together with Defendants' history of monthly reporting and payment of statutory and the contractual payroll contributions and deductions. The plaintiffs further identified Marsha Baker of the Indiana Regional Council of Carpenters and disclosed that she would testify on the calculation of the amounts Plaintiff Union is owed by the Defendants, Defendants' history of monthly reporting and payment of statutory and contractual payroll contributions and deductions.

The plaintiffs claim that these disclosures demonstrate that while the auditor's testimony will be focused on the results of her audit detailing hours worked for which no employer contributions have been paid to the Trust Funds by the Defendant corporation, based on such unpaid hours, their other two witnesses will address the employer's obligation under the collective bargaining agreement to make deductions from the employee's checks/wages for payment of dues, vacation/savings and others amounts and to pay these amounts over to the Union, and the Defendants' history of payment of these deductions and the amounts deducted but not paid. The plaintiffs conclude that the amount due the Union for unpaid monies deducted from the wages of Defendants' employees has been clearly demonstrated.

The plaintiffs contend that Plank has omitted mention of the fact that he, not the plaintiffs' representatives, is the one with the information on the retention of the payroll deductions and whether they were paid to others. The plaintiffs state that Plank will be called as

a witness at trial to testify as to his handling of the amounts deducted from the employees' wages but not paid to the Union.

The plaintiffs also contend that their identified documents relate to the issues because their auditor reviewed and utilized records as they were made available including Defendants' original records and/or as such records otherwise became available to the auditor, including the following:

> Each employee's payroll records; Payroll journals (registers) for each year; Check registers (cash disbursements) for each year; Workers' compensation forms and reports; Time or clock cards; Copy of W-2 form filed for each employee; Copy of W-3 form filed for each year; 941 forms filed for each year; 940 forms filed for each year; State Unemployment Reports filed for each year; Contribution and Dues Check-Off reports for each month (or other period) and canceled checks supporting payment of same; and Subcontractor and job listings and supplier invoices.

The plaintiffs state that the defendants' own documents were used to complete the audit that identifies unpaid hours worked pursuant to the collective bargaining agreement for which employer contributions and deductions from employees' wages were to be paid. The plaintiffs state that this evidence is most relevant to the issue of nonpayment of both employers' contributions and misapplication of deductions from employees' wages.

The plaintiffs claim that there is no question that Defendant Hawk, Inc. is liable to the Union pursuant to 29 U.S.C. §185. The Union has the right to enforce monetary obligations incurred by an employer pursuant to the parties' collective bargaining agreement which in this case includes the uncollected pre-tax payroll deductions taken by Hawk, Inc. from its employees' paychecks. Jim McNeff, Inc. v. Todd, 461 U.S. 260, 269 (1983).

The plaintiffs further claim that there remains the genuine issue of whether Plank is also individually and personally liable for the unpaid delinquent principal deductions (and interest)

8

because he allegedly deducted monies from his employees' paychecks and retained said monies, rather than transmit said monies to the designated depository as he was contractually required to do. The plaintiffs rely on <u>Zygulski v. Daugherty</u>, 236 B.R. 646, 652  (N.D. Ind. 1999), which states that "Indiana law describes a constructive trust as a 'fiction of equity, devised for the purpose of making equitable remedies available against one who through fraud or other wrongful means acquires the property of another.'"(Citations omitted.)  The plaintiffs contend that the imposition of personal liability for such deductions from wages has been recognized by this court. The plaintiffs claim that in <u>NRIPP v. Kelso</u>, 2:02-cv-127, at footnote 2, District Judge Paul Simon, in discussing the Plaintiff's use of <u>Lopresti v. Terwilliger</u>, 126 F. 3d 34 (2d Cir. 1997) and District Judge Rudy Lozano's holding in <u>Painting Industry Insurance Fund Local No. 8 v. R. Co., Inc</u>.  No 2:99-cv-64, acknowledged that deductions made by an employer from employees' paychecks become plan assets for which personal liability may be appropriately imposed.

The plaintiffs argue that the principal of a constructive trust applies to Plank because he ".. . . through fraud or other wrongful means acquires the property of another." Plaintiffs maintain that their  identified testimony and documents evidence that while Plank owned the corporation and acted as its officer, monies were taken out of his employees' paychecks and then not turned over to the Union. The plaintiffs thus insist that there is a genuine question of whether Plank kept the monies for his own purposes and/or paid these trust funds to a third party.

As Plank notes, however, ERISA does not alter the general rule that individuals are not liable for corporate debts. <u>Sullivan v. Cox</u>, 78 F.3d 322, 325 (7th Cir. 1996). The burden is on the Plaintiffs to "prove that the corporate form was so ignored, controlled, or manipulated that it

was merely the instrumentality of another and that the misuse of the corporate form would constitute fraud or promote injustice." Aronson v. Price, 644 N.E.2d 864, 867 (Ind. 1994). Plank correctly asserts that the plaintiffs have produced no such evidence in their initial disclosures or in their response to the motion for summary judgment. Rather, the evidence relied upon by the plaintiffs pertains to Hawk, Inc.'s purported liability to the plaintiffs, and not to Plank's alleged personal liability.

Plank points out that the plaintiffs make no attempt to argue that the witnesses disclosed will testify regarding whether he failed to observe corporate formalities, that he manifested an actual or presumed intent to evade obligations under ERISA or LMRA, that he acted in bad faith, that he engaged in presumptive or actual fraud, or that he personally retained the payroll deductions and/or paid the money at issue. Further, none of the witnesses disclosed are expected to testify in this regard, nor are they expected to testify that Plank used "wrongful means . . . [to] acquire[] the property. "

Furthermore, the one reported case cited by the plaintiffs on the issue of personal liability confirms that the plaintiffs must present evidence of personal action on the part of Plank.[3] See LoPresti v. Terwilliger, 126 F.3d 34, 40 (7th Cir. 1997) (stating that personal liability was imposed because the district court found that the individual "decided which creditors were to be paid"). The cases cited by the plaintiffs show that in order to hold Plank personally liable

---

[3] The unreported cases are factually distinguishable. NRIPP v. Kelso, 2005 WL 2708345 (N.D. Ind.), was decided after a bench trial, not on a summary judgment motion. In Painting Industry Ins. Fund of Local No. 8 v. R. Co., Inc., No 2:99cv64 (N.D. Ind. July 3, 2002), it was noted that fiduciary status is conferred on the employer who chooses to pay other bills with the deducted funds. As noted, the plaintiffs in the present case have not presented any evidence that Plank failed to observe corporate formalities, or that he chose to pay other bills with the deducted funds.

as a fiduciary under ERISA, the plaintiffs must present evidence that he actually exercised "discretionary authority or discretionary control. . . respecting management of [the] plan or . . . management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(I). Plaintiffs have failed to present any testimony or evidence to suggest that Plank exercised any authority or control over payroll deductions or any other aspect of payroll at Hawk, Inc.  Evidence of the amounts reported, paid, unpaid, and owed to the Union have no bearing on Plank's personal actions. There is no evidence before the court demonstrating that Plank is personally responsible, through his own actions, for any amount reported, paid, unpaid, or owed.

Without any evidence demonstrating personal, wrongful action on the part of  Plank, the plaintiffs have not overcome the strong presumption that individuals are not liable for corporate debts. <u>See, e.g.</u>, <u>Sullivan</u>, 78 F.3d at 325.  Accordingly, the motion for summary judgment will be granted.

<u>Conclusion</u>

On the basis of the foregoing, Plank's motion for summary judgment [DE 20] is hereby GRANTED.

Entered: May 27, 2010.

s/ William C.  Lee
William C. Lee, Judge
United States District Court